**Floyd WILLIAMS, III, Plaintiff— Appellant,**

v.

**Sylvia GARCIA, Warden, Defendant— Appellee.**

**No. 03–56033.**
**DC CV–02–06184–CBM.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Feb. 2, 2005.

Jerry Sies, Los Angeles, CA, for Plaintiff–Appellant.

Floyd Williams, Calipatria, CA; and Ryan Mitchell Smith, DAG, Los Angeles, CA, for Defendant–Appellee.

Before REINHARDT, and CLIFTON, Circuit Judges, and WEINER, District Judge.**

### MEMORANDUM***

1. The state trial judge did not violate Williams' Sixth Amendment right to

---

* The Panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a).

** The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36–3.

present a defense, or his Fourteenth Amendment due process right to a fair and impartial trial, when the trial judge intervened in the testimony of an exculpatory witness to advise the witness of her privilege against self-incrimination. Trial judges have discretion to warn a witness about the possibility of self-incrimination. *United States v. Santiago–Becerril*, 130 F.3d 11, 26 (1st Cir.1997); *United States v. Arthur*, 949 F.2d 211, 215 (6th Cir.1991); *United States v. Silverstein*, 732 F.2d 1338, 1344 (7th Cir.1984). A trial judge abuses his discretion when the judge actively encourages a witness not to testify or badgers a witness into remaining silent. *Arthur* 949 F.2d at 215–216. The trial judge's action here was not an abuse of discretion.

■■■ 2. None of the issues raised by Williams establishes that his attorney's representation violated the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, we find that Williams failed to show counsel was constitutionally ineffective for failing to: (1) have the off-the-record conference with the witness's attorney placed on the record; (2) have the court issue a ruling on the validity of the privilege; and (3) object to that ruling. Even if counsel's performance did fall below *Strickland*'s objective standard of reasonableness, Williams presents no evidence, aside from his conclusory allegation of witness intimidation, to show that he was prejudiced. For this reason, we also deny Williams' request for an evidentiary hearing. *See Townsend v. Sain*, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) (establishing that even under more relaxed pre-AEDPA standards, "the district judge is under no obligation to grant a hearing upon a frivolouse or incredible allegation of newly discovered evidence"), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992).

3. Although they were arguably unexhausted, we deny all of Williams' claims on the merits. 28 U.S.C. § 2254(b)(2). None of the state court rulings is contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1).

**AFFIRMED.**